### 6931.   SEABOARD AIR-LINE RAILWAY *v.* LOTT-LEWIS CO.

A former suit brought by an individual and dismissed by him does not preclude a corporation of which he is president from suing on the same cause of action.

DECIDED JULY 11, 1916.

Action for damages; from city court of Saint Marys—Judge McElreath. August 21, 1915.

*Bolling Whitfield,* for plaintiff in error.

*H. R. Lang, D. S. Atkinson,* contra.

HODGES, J. 1. Middleton sued the Seaboard Air-Line Railway and obtained a verdict, which was set aside by this court, and he thereupon dismissed his suit. Lott, who was president of the Lott-Lewis Company, a corporation, brought a suit on the same cause of action, and subsequently dismissed it. Lott-Lewis Company then brought the present suit against the Seaboard Air-Line Railway, based upon the same cause of action. Lott was the president of the Lott-Lewis Company, and the defendant pleaded that the former suits concluded and bound the Lott-Lewis Company. "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Civil Code, § 4336. The fact that Lott was the president of the corporation will not conclude the corporation from asserting its rights, and the corporation is not bound by the two suits based upon the cause of action involved in this case, the corporation not being a party to either of the other suits.

2. The evidence justified the jury in finding the title of the mule killed to be in the plaintiff, and the verdict is sustained by the evidence.                    . *Judgment affirmed.*